United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 104 HEALTH CARE PLAN, SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, SHEET METAL WORKERS LOCAL 104 VACATION, HOLIDAY SAVINGS PLAN, and ANTHONY ASHER,<br><br>Plaintiffs,<br><br>v.<br><br>JOSE RODNEY VIGIL,<br><br>Defendant. | No. C 07-01508 WHA<br><br>**ORDER GRANTING DEFAULT JUDGMENT** |

**INTRODUCTION**

In this ERISA collection action, plaintiffs Board of Trustees of the Sheet Metal Workers Local 104 Health Care Plan, Sheet Metal Workers Pension Trust of Northern California, Sheet Metal Workers Local 104 Vacation, Holiday Savings Plan, and trustee Anthony Asher seek a default judgment against defendant Jose Rodney Vigil, who conducted business as Vigil Mechanical ("Vigil"). For the reasons stated below, plaintiffs' motion for default judgment is **GRANTED.**

**STATEMENT**

Plaintiffs allege that Vigil breached a collective bargaining agreement and certain trust agreements in violation of ERISA and the National Labor Relations Act of 1947. Plaintiffs are

trustees of employee benefit plans within the meaning of Sections 3(1) and (3) and Section 502(d)(1) of ERISA, 29 U.S.C. 1002(1) and (3) and 29 U.S.C. 1132(d)(1), and a multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. 1002(37) and 29 U.S.C. 1145. Defendant Vigil is an employer in Hayward, California. Plaintiffs bring suit pursuant to 29 U.S.C. 1132(e)(2), in the Northern District of California (Compl. at ¶¶ 1–3).

Vigil had signed a written collective bargaining agreement with Sheet Metal Workers Local Union No. 104. The agreement required that Vigil make contributions to the trust funds on behalf of his employees and that he abide by all the terms and conditions of the trust agreements. The trust funds rely on a self-reporting system. Plaintiffs allege that, since October 2006, defendant breached the provisions of the collective bargaining agreement and the trust agreement by failing to complete and send in monthly reports and by failing to pay the amounts due on behalf of his employees. The trust agreements provide that, in the event of suit commenced to enforce payments, the defendant must pay court costs and reasonable attorney's fees (*id.* at ¶¶ 5–8, 12). Plaintiffs also seek the unpaid amounts, liquidated damages, and interest (*id.* at 4–5).

On March 15, 2007, plaintiffs filed a complaint against Vigil on March 15, 2007, in the Northern District of California. They alleged that defendant failed to pay contributions in a timely manner, even after plaintiffs had demanded payment (*id.* at ¶ 5–12). Vigil never responded. On September 18, 2007, plaintiffs moved for default judgment against Vigil. At plaintiffs' request, the Clerk entered default against Vigil on October 16, 2007.

**ANALYSIS**

According to FRCP 55(b)(2), a plaintiff can apply to the Court for a default judgment against a defendant that has failed to plead or otherwise defend. Default judgments are generally disfavored. "Courts should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citation omitted). The trial court has the discretion to grant the application. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). In the Ninth Circuit, a trial court must consider the following factors when deciding

2

whether or not to grant a motion for default judgment: (i) the possibility of prejudice to the plaintiff; (ii) the merits of plaintiff's substantive claim; (iii) the sufficiency of the complaint; (iv) the sum of money at stake in the action; (v) the possibility of a dispute concerning material facts; (vi) whether the default was due to excusable neglect; and (vii) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72. Here, these factors favor entry of default judgment against defendant Vigil.

### 1. MERITS AND SUFFICIENCY OF THE COMPLAINT.

With respect to determining liability and entry of default judgment, the general rule is that well-pleaded allegations in the complaint regarding liability are deemed true (except for the amount of damages). *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Consequently, this order finds that *Eitel* factors two, three, and five weigh in favor of the entry of default judgment against Vigil. There is no dispute concerning material facts. The well-pleaded allegations in plaintiffs' complaint regarding liability are treated as true.

Pursuant to ERISA Section 501(d)(1), 29 U.S.C. 1132(d)(1), plaintiffs have standing to sue as an employee benefit plan. The well-pleaded facts establish that Vigil was a California employer. He was contractually obligated to pay contributions to the Sheet Metal Workers Local 104 Health Care Plan, Sheet Metal Workers Pension Trust of Northern California, Sheet Metal Workers Local 104 Vacation, Holiday Savings Plan. Vigil also had the duty to self-report; he had to complete and send in monthly reports on his contributions. Vigil failed to do so. He had not paid in a timely manner since October 2006. This order finds defendant breached his contractual obligations in violation of ERISA, 29 U.S.C. 1002 *et seq.*, and of the National Labor Relations Act of 1947. Plaintiff's complaint, therefore, has merit and is sufficient.

### 2. REMAINING FACTORS.

This order finds that the remaining *Eitel* factors likewise favor entry of default judgment. *First*, if the motion were denied, the participants and beneficiaries of the health and welfare, pension and fringe benefits plans would not receive their full benefits. The possibility

3

of prejudice to the plaintiffs is great. *Second*, it is highly unlikely that default was the result of excusable neglect. Plaintiffs filed the complaint on March 15, 2007. According to the proof of service of the summons and complaint, Vigil had been personally served on June 16, 2007. *Third*, although federal policy favors decisions on the merits, FRCP 55(b) permits entry of default judgment in situations, such as this, where the defendant had failed to plead or otherwise defend.

*Fourth*, the sum of money at stake in this action is not substantial. In general, default judgment is disfavored if there were a large sum of money involved. *See Eitel*, 782 F.2d at 1472 (stating that the fact that three million dollars was at stake, when considered in light of the parties dispute as to material facts, supported decision not to enter default judgment). When plaintiffs filed their motion for default judgment, they sought a total of $9,809.86, which pales in comparison to the amount mentioned in *Eitel*. This factor favors entry of default judgment.

### 3. AMOUNT OF MONEY AT STAKE.

Plaintiffs request over nine-thousand dollars from Vigil (Prop. Order at 2). They have sufficiently justified why the payment of such an amount is reasonable. There was $5,283.33 in unpaid contributions, $2,325.39 in liquidated damages, and $786.14 in interest (Maraia Decl. Exh. 3 and Exh. 4). ERISA provides that a judgment for unpaid contributions to a multi-employer plan shall include interest on unpaid contributions. 29 U.S.C. 1132. One of the plaintiffs' attorneys provided a declaration and other documentation supporting the $740 in attorney's fees and $675 in costs (Carroll Decl. at ¶ 2–8, Exh. 5–7).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for default judgment against defendant Vigil is **GRANTED.**

**IT IS HEREBY ORDERED:**

1. Plaintiffs' motion for default judgment against defendant Vigil is **GRANTED**;

4

    2.    Defendant Vigil shall pay plaintiffs $9,809.86 in unpaid contributions, liquidated damages, interest, attorney's fees, and costs.

    3.    Plaintiffs reserve the right to audit defendant Vigil for any periods not previously audited, including the period from June 2006 through December 2006.  However, this case and the amount involved will not be re-litigated or re-opened.  Plaintiffs are free to bring a new suit for future damages accruing after the period covered by the instant action.  This case is closed.

**IT IS SO ORDERED.**

Dated: November 1, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE